UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIJONTE LEE JOHNSON,<br><br>    Petitioner,<br><br>    v.<br><br>Warden,<br><br>    Respondent. | Case No. 1:17-cv-01697-MJS (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS MATTER**<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**(1) CONSTRUE PETITION AS A MOTION TO AMEND THE PETITION IN CASE NO. 1:17-cv-1685-MJS; AND**<br><br>**(2) ADMINISTRATIVELY CLOSE THIS ACTION**<br><br>**(ECF No. 1)**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

    Petitioner is detained at the Fresno County Jail awaiting sentencing following a jury trial that resulted in an April 25, 2017 conviction for first degree murder with various enhancements. (ECF No. 1.) He is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging alleged constitutional defects that

occurred during trial in the Fresno County Superior Court. He has not appealed the conviction.

This action was filed on December 12, 2017.[1] The Court takes judicial notice of Johnson v. On Habeas Corpus, No. 1:17-cv-01685-MJS, filed by Petitioner on December 11, 2017, which challenges the same conviction.

## I. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## II. Second Petition Challenging Same Conviction

Federal courts retain broad powers to control their dockets and "prevent duplicative or unnecessary litigation." Slack v. McDaniel, 529 U.S. 473, 478 (2000); Link v. Wabash R. Co., 370 U.S. 626, 630-631 (1962). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases.

the same court and against the same defendant.'" Id. (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir.1977) (en banc)).

Additionally, 28 U.S.C. § 2244(b) limits the number of separate habeas actions that a state prisoner may bring arising out of the same state court conviction and/or sentence. When a pro se petitioner files a second Section 2254 habeas petition challenging a particular state conviction before the district court completes its adjudication of his earlier Section 2254 habeas petition stemming from the same state court criminal case, the district court should construe the second petition as a motion to amend the earlier-filed petition. Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008) (so holding and further holding that the court thereafter has the discretion to determine whether to grant leave to amend consistent with Fed. R. Civ. P. 15); see also Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir. 2016) (reiterating that Woods is "the law of our circuit").

Here, Case Nos. 1:17-cv-01685 and 1:17-cv-01697 arise out of the same state court criminal case. The petition in Case No. 1:17-cv-01697 should be filed as an amended petition in Case No. 1:17-cv-01685, and the instant case should be administratively closed.[2]

### III. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition (ECF No. 1) be filed as an amended petition in Case No. 1:17-cv-01685-MJS;
2. Case No. 1:17-cv-01697 be administratively closed.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with the findings and recommendations, any party

---

[2] Because Petitioner has not previously amended and Respondent has not responded to the petition in Case No. 1:17-cv-01685, Petitioner does not require leave of Court to amend. Fed. R. Civ. P. 15(a)(1); see Woods, 525 F.3d at 890 n.3.

may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 26, 2017     /s/ *Michael J. Seng*
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE